IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**JASON D. EMERY**                                                                                          **PLAINTIFF**

V.                                    CASE NO. 5:16-CV-05277

**DENNY HYSLIP, Public
Defender; LEANA HOUSTON,
Public Defender; and JOHN
AND JANE DOE, Public Defenders**                                              **DEFENDANTS**

### OPINION AND ORDER

This is a civil rights case filed by the Plaintiff Jason D. Emery under the provisions of 42 U.S.C. § 1983. Emery proceeds *pro se* and *in forma pauperis*. He is incarcerated in the Washington County Detention Center (WCDC).

The Prison Litigation Reform Act (PLRA) modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Emery is incarcerated because of an alleged parole violation. Emery asserts Defendants have violated the rules of professional conduct. Because of these ethical violations, Emery alleges his defense was prejudiced.

Emery alleges that the public defenders have failed to come visit him, counsel him, or otherwise communicate with him. Emery asserts that he has been incarcerated since

May 23, 2016, and as of the filing of the complaint, he had yet to see his public defenders. As a result, Emery asserts he has lost exculpatory evidence, a security video, and witness testimony.

As relief, Emery seeks compensatory and punitive damages. He also asks for an injunction against the Defendants to keep them from representing him. Further, he wants a policy created that requires public defenders to comply with the rules of professional conduct.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the Court bears in mind that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Emery's claims against public defenders Denny Hyslip, Leana Houston, and Jane or John Doe public defenders, are subjected to dismissal. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that the defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487

U.S. 42 (1988); *Durham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

In *Polk County v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to indigent defendants in state criminal proceedings. Thus, when the claim is merely that the public defender failed to adequately represent the client in his criminal proceedings, it does not state a cognizable claim under § 1983. *See also Gilbert v. Corcoran*, 530 F.2d 820 (8th Cir. 1976) (conclusory allegations of ineffective assistance of counsel do not state a claim against public defenders under § 1983).

### III. CONCLUSION

The Complaint fails to state a cognizable claim under § 1983 and is frivolous. Therefore, **IT IS ORDERED** that the case is **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) (IFP action may be dismissed at any time due to frivolousness or for failure to state a claim). The dismissal of this case constitutes a strike pursuant to 28 U.S.C. § 1915(g). The Clerk is directed to place a § 1915 strike flag on the case.

**IT IS SO ORDERED** on this 7th day of December, 2016.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE